United States District Court
Southern District of Texas
**ENTERED**
September 08, 2023
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| GREAT AMERICAN INSURANCE COMPANY, | § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:22-CV-01609 |
| | § | |
| SALEM GROUP, INC. d/b/a COMPLETE CONCRETE, SELWAN CONSTRUCTION, INC., NASER SALEM and MATILDA SLEIMAN a/k/a MATILDA SULEIMAN, | § § § § | |
| Defendants. | | |

## ORDER

Pending before the Court is Plaintiff Great American Insurance Company's ("Plaintiff")

Motion for Summary Judgment (Doc. No. 19). Defendants Salem Group, Inc. d/b/a Complete

Concrete, Selwan Construction, Inc., Naser Salem and Matilda Sleiman a/k/a Matilda Suleiman

(collectively "Defendants") did not respond. Having considered the Motion, the evidence, and the

law, and hereby **GRANTS** Plaintiff's Motion for Summary Judgment (Doc. No. 19).

## I.    Background

Plaintiff issues surety bonds on commercial construction projects in Texas. (Doc. No. 19

at 4). Between 2019 and 2021, Plaintiff issued several payment and performance bonds in

connection with public works projects between Defendants and Harris County, Texas ("Harris

County"). (*Id.*) On August 15, 2019, before issuing the bonds, Plaintiff and Defendants entered

into an Agreement of Indemnity ("AOI") in favor of Plaintiff. (*Id.*)

Plaintiff alleges that it received multiple claims under the payment bonds beginning in

2021 from various subcontractors and vendors who asserted that they were unpaid for labor and

1

work materials provided to Defendants. (*Id.* at 8). Plaintiff also alleges that it sent an initial written demand to Defendants after the claims were filed, seeking indemnification pursuant to the AOI. (*Id.* at 9).

Plaintiff alleges pursuant to its investigation that it became clear, through communications and otherwise, that Defendants would be financially unable to pay the costs of completion on the public works projects covered by the surety bonds. (*Id.* at 8-9). In 2022, Harris County sent a demand under the performance bond requesting that Plaintiff fulfill its obligations to the County and Plaintiff alleges that that it solicited competitive price proposals for the remaining scope of work on the projects. (*Id.* at 10). Plaintiff further contends that it accepted a bid from an alternative vendor and tendered the bid to Harris County, paying an amount of $3,740,781.70 to resolve the performance demand. (*Id.*). Plaintiff claims that it received recoveries of contract funds from Harris County in the amount of $491,081.20 and has applied and credited those amounts to Defendant's account. (*Id.* at 11). As of December 13, 2022, Plaintiff alleges that it paid a total of $1,664,504.49 to various subcontractors on the payment bond. (*Id.*). In total, Plaintiff seeks indemnity by Defendants for a total of $4,995,364.88 plus court costs and post-judgment interest at the federal post-judgment rate. (*Id.* at 20-21).

Plaintiff argues that it is entitled to summary judgment as to Count II of the Complaint (Indemnity/Reimbursement) because there is no genuine issue of material fact that Defendants were obligated by the indemnity agreement to indemnify and reimburse Plaintiff "for the net losses and expenses incurred and paid as a result of the claims under the bonds." (Doc. No. 19 at 13). Plaintiff stated in its motion that it is moving for final summary judgment on Count II rather than on Count I (Specific Performance of the Collateral Deposit Provision) because Plaintiff has "liquidated most, if not all, of the pending claims and demands presented against it under the

Bonds" and is seeking to be reimbursed for what it has paid out on the bonds rather than seeking a deposit of collateral against future losses or expenses. (Doc. No. 19 at 4).

## II.   Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)). Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

## III.   Analysis

### A.  Defendants' Lack of Response to Plaintiff's Motion for Summary Judgment

Local Rules 7.3 and 7.4 of the Southern District of Texas state that a motion will be submitted to the judge 21 days after filing. Under Local Rule 7.4, a failure to respond will be taken as "representation of no opposition." *See* Local Rule LR7.4. Rule 7.4(a) plainly states that such responses must be filed by the submission date. *Id*. Plaintiff filed its Motion for Summary Judgment on January 18, 2023. (Doc. No. 19). Defendants have not responded to the motion, and the 21-day deadline has long passed.

The Fifth Circuit, however, has held that "imposition of the ultimate sanction of automatically granting a motion" for summary judgment upon failure to comply with the local rule is "wholly inconsistent" with Rule 56. *John v. Louisiana*, 757 F.2d 698, 708 (5th Cir. 1985). A non-movant's failure to respond to a motion for summary judgment does not entitle the movant to summary judgment. *Retzlaff v. de la Vina*, 606 F.Supp.2d 654, 656 (S.D. Tex. 2009) (citing *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988)). Instead, a court may accept the movant's evidence as undisputed and may enter a judgment in the movant's favor if summary judgment evidence establishes a prima facie showing of the movant's entitlement to judgment. *Id*. Therefore, a dismissal pursuant to the local rules based solely on Defendants' failure to respond to Plaintiff's Motion for Summary Judgment would be improper. Accordingly, the Court will address the merits of Plaintiff's arguments from its motion below.

### B.  Summary Judgment Standard for Indemnification Claims

To prevail at summary judgment, Plaintiff must establish five elements: 1) the existence of a contractual indemnity agreement between Plaintiff and Defendants; 2) that the agreement

obligates Defendants to indemnify Plaintiff for any claims made on the surety bonds; 3) that claims were made on the bonds; 4) that all conditions precedent for recovery had "occurred, been performed, waived, or excused," and 5) that Plaintiff suffered damages. *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 719 (5th Cir. 1995).

### 1. Existence of a Contractual Indemnity Agreement

To support the contention that a contract existed between the parties, Plaintiff cites to a copy of the AOI signed by each Defendant. (Doc. No. 19-2 at 3). Plaintiff also cites to the sworn affidavit of Ryan Dierkers ("Dierkers"), a Senior Claims Manager at Plaintiff Company, who declared that the AOI was agreed to and executed by the parties on August 15, 2019. (Doc. 19-1 at 2). Defendants did not respond to the Motion for Summary Judgment and did not present evidence to dispute the existence of a contractual indemnity agreement. In the absence of evidence to create an issue of material fact, this Court finds that a contractual indemnity agreement existed between the parties.

### 2. Whether the Agreement Obligates Defendants to Indemnify Plaintiff

Plaintiff asserts that the AOI obligates Defendants to indemnify Plaintiff for claims made on the surety bonds. Plaintiff attached to its summary judgment motion a copy of the AOI signed by each Defendant, which reads in relevant part:

> SECOND: The Undersigned, jointly and severally, shall exonerate, indemnify, hold harmless and keep the Surety indemnified from and against any and all liability for losses, costs, and/or expenses of whatsoever kind or nature (including, but not limited to, interest, court costs, consultant or expert fees, and counsel fees) and from and against any and all such losses and/or expenses which the Surety may sustain and incur: 1) By reason of being requested to execute or procure, or having executed or procured the execution of Bonds on behalf of any of the Undersigned, (2) By reason of the failure of the Undersigned to perform or comply with any of the covenants and conditions of this Agreement or (3) In enforcing any of the terms, covenants or conditions of this Agreement. Payment by reason of the

aforesaid cases shall be made to the Surety by the Undersigned, upon demand by the Surety, as soon as liability exists or is asserted against the Surety, whether or not the Surety shall have made payment therefor. The amount of such payment to the Surety by the Undersigned shall be determined by the Surety and the Surety's demand for the payment hereunder may, at the Surety's option, be in addition to and not in lieu of or substitution for any other collateral that may have been previously deposited with Surety by or on behalf of the Undersigned.

(Doc. No. 19-2 at 1).

Defendants did not present evidence to dispute the language in the agreement obligating Defendants to indemnify Plaintiff "from and against" claims made on the surety bonds. Accordingly, in the absence of summary judgment evidence raising an issue of material fact to the contrary, this Court finds that the AOI obligates Defendants to indemnify Plaintiff.

### 3. Whether Claims Were Made on the Surety Bonds

To support its contention that claims were made on the surety bonds, Plaintiff offers the affidavit of Dierkers, who testified that Plaintiff received "multiple claims under the Payment Bonds in accordance with the Code from unpaid subcontractors, material and equipment suppliers, and other vendors" for "amounts due for public work labor and public work materials furnished to Defendants on the project." (Doc. No. 19-1 at 4). Dierkers testified that Plaintiff paid losses to such claimants under the Payment Bonds in the total amount of $1,664,504.49. (*Id.* at 6-7). Dierkers also stated that Plaintiff paid $3,740,781.70 to Harris County under the affiliated Performance Bond. (*Id.* at 8). Plaintiff also asserts, citing the affidavit of Dierkers, that it incurred and paid expenses of $81,159.89 as of December 13, 2022. (*Id.* at 8). Finally, Plaintiff cites to the affidavit to support its contention that it received "recoveries of contract funds from Harris County in the form of bonded contract funds on two of the bonded projects" in the amount of $491,081.20, which it has credited to Defendants' account. (*Id.* at 9). Plaintiff ultimately asserts, supported by

6

the affidavit of Dierkers, that Defendants are obligated to indemnify Plaintiff in the total amount of $4,995,364.88 as of December 13, 2022. (*Id.*).

Defendants did not respond to the motion and the evidence offered by Plaintiff as to the total amount claimed on the payment and performance bonds is therefore undisputed. The Court finds that there is no genuine issue of material fact that claims were made on the surety bonds.

### 4. Whether Conditions Precedent for Recovery Have Occurred, Been Performed, Waived, or Excused

Plaintiff asserts that the AOI does not require proof of compliance with any condition precedent to obligate Defendants to indemnify Plaintiff for losses and expenses arising out of the claims on the payment and performance bonds. (Doc. No. 19 at 16). To support this contention, Plaintiff cites to the fourteenth paragraph in the copy of the AOI attached to its summary judgment motion, which reads:

> The Surety shall have the right to adjust, settle, or compromise any claim, demand, suit, arbitration proceeding or judgment upon the Bonds. The liability of the Undersigned to the Surety under this Agreement shall extend to and exclude all amounts paid by the Surety under the belief that: (1) the Surety was or might be liable therefor; or (2) such payments were necessary or advisable to protect any of the Surety's rights or to avoid or lessen Surety's liability or alleged liability.

(Doc. No. 19-2 at 1).

Under Texas law, indemnity agreements are construed under the normal rules of contract construction. *Associated Indem. Corp. v. CAT Contracting, Inc.*, 964 S.W.2d 276, 284 (Tex. 1998). Indemnity agreements are strictly construed in favor of the indemnitors. *Safeco Ins. Co. of Am. v. Gaubert*, 829 S.W.2d 274, 281 (Tex. App.—Dallas 1992, writ denied). An unambiguous contractual right to indemnification on a settlement is "absolute, unless the [Defendant] raises and proves an affirmative defense such as fraud." *Old Republic Sur. Co. v. Palmer*, 5 S.W.3d 357, 362 (Tex. App.—Texarkana 1999, no pet.). Defendants raised the affirmative defense of

unconscionability in their Answer but did not respond to Plaintiff's Motion for Summary Judgment and therefore this argument is deemed waived. *See Kitchen v. BASF*, 952 F.3d 247, 253 (5th Cir. 2020) (holding any claims not raised in response to a motion for summary judgment are waived).

The Supreme Court of Texas held that "good faith" is a condition precedent where the indemnity agreement contains language requiring good faith in settling claims. *Associated Indem. Corp. v. CAT Contracting, Inc.*, 964 S.W.2d 276, 285 (Tex. 1998). Plaintiff points out in its motion that there is language indicating a "good faith" requirement embedded in a different clause of the AOI. Plaintiff argues (without admitting) that even if the language of the two clauses, when read together, create a condition precedent of "good faith," Plaintiff has provided sufficient evidence to meet the good faith burden. (Doc No. 19 at 17). Since Plaintiff's Motion for Summary Judgment was not responded to, the Court need not consider whether Plaintiff met the "good faith" requirement because the question of whether the requirement existed in this contract was waived by Defendants. See *Kitchen*, 952 F.3d at 253.

The Court therefore finds that there is no genuine issue of material fact that and that all conditions precedent to recovery under the AOI have occurred, been performed, excused, or waived.

### 5. Whether Plaintiff Suffered Damages

To support its contention that Plaintiff suffered damages, Plaintiff cites the itemized statement from Dierkers' affidavit listing the amount in net losses and expenses suffered by Plaintiff to be $4,995,364.88 as of December 31, 2022. (Doc. No. 19-1 at 7). Defendant did not proffer evidence to dispute Plaintiff's calculation of its net losses and expenses. As a result, this Court finds that there is no genuine issue of material fact as to whether Plaintiff suffered damages, and that Plaintiff suffered $4,995,364.88 in net losses and damages as of December 13, 2022.

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is **GRANTED** (Doc. No. 19).

Signed at Houston, Texas, this 8th day of September, 2023.

Andrew S. Hanen
United States District Judge